*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0386P (6th Cir.)
File Name: 02a0386p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

               v.                                    No. 01-5661

ROBERT REED CAMPBELL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 00-00169—Karl S. Forester, Chief District Judge.

Argued: October 3, 2002

Decided and Filed: November 6, 2002

Before: KENNEDY, NORRIS, and BATCHELDER,
                    Circuit Judges.

―――――――――――

**COUNSEL**

**ARGUED:** Richard A. Cline, MITCHELL, ALLEN, CATALANO & BODA, Columbus, Ohio, for Appellant. James E. Arehart, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Richard A. Cline, MITCHELL, ALLEN, CATALANO & BODA, Columbus, Ohio, for Appellant. James E. Arehart, Charles P. Wisdom, Jr., ASSISTANT

1

UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

KENNEDY, Circuit Judge.  Defendant Campbell appeals the district court's imposition of a 33-month sentence for possession of stolen mail to be served consecutive to the undischarged portion of a sentence imposed by the United States District Court for the Eastern District of New Jersey for a supervised release violation.  He argues that the district court erred when it failed to impose sentence for the instant offense concurrent with the undischarged portion of his supervised release violation sentence.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.**

On June 17, 1994, defendant pled guilty to a RICO conspiracy charge and the United States District Court for the Eastern District of New Jersey imposed a 12-month sentence to be served consecutive to a sentence imposed for a prior federal conviction.  Campbell was placed on three years supervised release on March 27, 1997.

Between November 18, 1999 and January 16, 2000, while on supervised release, Campbell committed a series of offenses. Consequently, on April 7, 2000, the Eastern District of New Jersey revoked Campbell's supervised release and sentenced him to an 18-month term of imprisonment.

On December 7, 2000, Campbell was indicted in the United States District Court for the Eastern District of Kentucky on one count of possession of stolen mail in violation of 18 U.S.C. § 1708 and three counts of bank fraud in violation of 18 U.S.C. § 1344.  On May 11, 2001, Campbell pled guilty to violating § 1708 and the district court imposed a 33-month sentence to be served consecutive to the undischarged portion

sentence for the instant offense that fell at the low end of the sentencing guideline range, such as the requested 30-month concurrent sentence, would be insufficient to deter Campbell from engaging in future criminal activity, and that a longer sentence, such as the imposed 33-month consecutive sentence, would better achieve the goals of deterring future criminal conduct and protecting the public.

Finally, the district court's imposition of a consecutive sentence is consistent with the relevant Sentencing Guidelines commentary. Application Note 6 provides that if a defendant is on federal supervised release at the time of the instant offense and has had that supervised release revoked, the sentence imposed for the instant offense should be consecutive to the sentence imposed for the supervised release violation in order to provide an incremental penalty for that violation. USSG § 51G.3, comment. (n.6).

### III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

of the 18-month sentence imposed by the Eastern District of New Jersey.

The Presentence Investigation Report established an offense level of 13 for the instant offense and a criminal history category of V. The United States Sentencing Commission Guidelines Manual sets a sentencing range of 30 to 37 months for a level 13 offense committed by a defendant with a category V criminal history.

At sentencing, Campbell requested a 30-month sentence to be served concurrent with the undischarged portion of the 18-month sentence imposed by the Eastern District of New Jersey for his supervised release violation. The district court imposed a 33-month sentence to be served consecutive to the undischarged portion of the supervised release violation sentence.

### II.

A district court's legal conclusions with respect to the application of the United States Sentencing Commission Guidelines are reviewed *de novo*. *United States v. Robertson*, 260 F.3d 500, 506 (6th Cir. 2001). A district court's decision to impose a consecutive or concurrent sentence under § 5G1.3 of the Sentencing Guidelines is reviewed for abuse of discretion. *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997).

Campbell argues that the district court erred when it failed to impose a sentence for the instant offense concurrent with the undischarged portion of the 18-month sentence imposed by the Eastern District of New Jersey for the supervised release violation. USSG § 5G1.3 addresses the sentencing of a defendant subject to an undischarged term of imprisonment. Subsection (a) clearly is not applicable to this case because the instant offense was not committed while Campbell was serving a term of imprisonment but rather was committed while he was on supervised release. USSG § 5G1.3(a).

Campbell initially argues that the district court should have applied § 5G1.3(b) because the instant offense provided the entire basis for the imposition of the undischarged term of imprisonment imposed by the Eastern District of New Jersey. Subsection (b) provides that "[i]f . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." USSG § 5G1.3(b). By its terms, § 5G1.3(b) is not applicable to either the sentence imposed by the Eastern District of New Jersey or the sentence imposed by the Eastern District of Kentucky. Section 5G1.3(b) cannot apply to the 18-month sentence imposed by the Eastern District of New Jersey because that sentence was the result of the supervised release violation and underlying RICO conspiracy conviction, not the instant offense. Section 5G1.3(b) does not apply to the 33-month sentence imposed by the Eastern District of Kentucky because that sentence did not result due to an offense that was "fully taken into account in the determination of the offense level for the instant offense." Campbell's supervised release violation was not taken into account in the determination of the offense level for the instant offense; rather it was only taken into account in the determination of Campbell's criminal history category. Thus, the district court was correct in not applying § 5G1.3(b) in this case.

Campbell alternatively argues that § 5G1.3(c) applies. Subsection (c) provides that "[i]n any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). We agree that subsection (c) applies because neither subsection (a) nor subsection (b) can be applied for the reasons discussed above.

Campbell proceeds to argue that because the record does not include the district court's explanation for imposing a

consecutive sentence, we should assume that the district court did not recognize its discretion in this matter and, consequently, we should vacate the sentencing order and remand the case for re-sentencing. When a district court exercises its discretion to impose a concurrent or consecutive sentence, it must do so in light of the factors listed in 18 U.S.C. § 3553(a) and the relevant commentary, *Covert*, 117 F.3d at 945, including the defendant's history and characteristics, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(1)-(2) (2000). A district court, however, is not required to make specific findings related to each factor considered; rather, the district court need only "articulate . . . enough of its reasoning to permit an informed appellate review." *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999).

We cannot agree with the contention that the record fails to show that the district court was aware that it had discretion to impose either a consecutive or concurrent sentence. At the sentencing hearing, defendant's counsel specifically requested that the district court impose a concurrent sentence because "the court has the authority to run this matter concurrently," an assertion the district court did not dispute.

The record also shows that the district court imposed a consecutive sentence because it was reasonable in light of the factors listed in § 3553(a). Before imposing sentence, the district court considered defendant's age, familial relationships, and criminal history. The court observed that Campbell consistently returned to criminal activities after release from prison, despite participating in rehabilitation programs during his incarceration. After reviewing the Presentence Investigation Report, the district court determined that Campbell had a "substantial criminal history," and concluded that "a sentence at the low end of the range would not satisfy most of the sentencing objectives set out in § 3553(a) . . . [therefore] more than the low end of the guideline range is required, in the interest of justice." The record clearly conveys the district court's concern that a