NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0115n.06
Filed: February 11, 2009

No. 07-5104

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARVIN RAINER, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: MERRITT, ROGERS, and WHITE, Circuit Judges.**

**WHITE, Circuit Judge.** Pursuant to a plea agreement, Defendant-Appellant Marvin Rainer pleaded guilty of conspiracy to commit identity theft and wire fraud (count 1), in violation of 18 U.S.C. § 371, and wire fraud (count 2), in violation of 18 U.S.C. §§ 1343 and 2. The district court sentenced Defendant to concurrent 45-month terms as to each count, to be served consecutively to an undischarged state-court sentence. Defendant asserts that the district court violated his Sixth Amendment rights by failing to appreciate that it had discretion to provide that the sentences run concurrent with the state sentence and by engaging in fact-finding prohibited by *United States v. Booker*, 543 U.S. 220 (2005). We disagree, and affirm.

18 U.S.C. § 3584(a) provides:

**Multiple sentences of imprisonment**

(a) **Imposition of concurrent or consecutive terms.**– If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . .

Section 5G1.3(a) of the U.S. Sentencing Guidelines Manual (U.S.S.G.) provides:

**Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment

The Commentary following § 5G1.3 includes:

*Background:  In a case in which a defendant is subject to an undischarged sentence of imprisonment, the court generally has authority to impose an imprisonment sentence on the current offense to run concurrently with or consecutively to the prior undischarged term.  18 U.S.C. § 3584(a).  Exercise of that authority, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission.*

Notwithstanding the seemingly mandatory language of U.S.S.G. § 5G1.3(a), we have recognized that the district court has discretion to impose consecutive or concurrent sentences pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3, upon consideration of the factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing. *United States v. Clark*, 385 F.3d 609, 623-24 (6th Cir. 2004)*; United States v. Campbell*, 309 F.3d 928, 930-31 (6th Cir. 2002).  Thus, to the extent Defendant challenges his sentences on the

basis that U.S.S.G. § 5G1.3(a) impermissibly mandates the imposition of consecutive sentences, his challenge fails.

Defendant also asserts that the district court failed to recognize its discretion. This court has held that where the district court states that § 5G1.3 requires that it impose a consecutive sentence, the court has failed to recognize its discretion, the statement constitutes plain error, and the case must be remanded for resentencing. *United States v. Gibbs*, 506 F.3d 479, 487-88 (6th Cir. 2007). The record on appeal should reflect that the district court considered the factors listed in § 3553(a) and any pertinent guidelines so the appellate court can determine whether consecutive sentences were properly imposed. *United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994). If a district court exercises its discretion and imposes a consecutive sentence pursuant to § 5G1.3 and § 3584(a), "it must do so in light of the factors listed in 18 U.S.C. § 3553(a) and the relevant commentary, including the defendant's history and characteristics, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the defendant." *Campbell*, *supra,* 309 F.3d at 931 (citations omitted).

The record reflects that although the Presentence Report (PSR) can be read as stating that § 5G1.3(a) required consecutive sentencing, the district court recognized and exercised its discretion, considered the appropriate factors, and adequately stated its reasons for imposing a consecutive sentence. It is clear from the sentencing hearing transcript that the district court recognized the advisory nature of the Guidelines, considered the Guidelines range, and considered the § 3553(a) factors, as is required post-*Booker*. There is no indication that the district court considered §

5G1.3(a) of the Guidelines as mandating a consecutive sentence; rather, the court's remarks evidence that it was aware of its discretion to impose either a concurrent or consecutive sentence, and that it concluded that a concurrent sentence was inappropriate given the nature of Defendant's offenses, and given that Defendant's state sentence was expected to expire approximate eleven months after sentencing. *See* 18 U.S.C. § 3584, quoted *supra.*

We also reject Defendant's argument that the district court's determination that he was subject to an un-discharged term of imprisonment violated his Sixth Amendment rights under *Booker*, *supra,* which held that any fact, other than a prior conviction, that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be admitted by the defendant or proved to the jury beyond a reasonable doubt. The district court did not engage in such fact-finding. Defendant acknowledged that he was serving an undischarged state sentence at the time he committed the instant offenses and that his undischarged sentence was expected to expire in November 2007.[1]

Finally, even if Defendant had not admitted at sentencing that he was serving an undischarged state sentence at the time he committed the instant offenses, the district court's imposition of a consecutive sentence in the instant case did not violate Defendant's Sixth Amendment rights under *Booker*. *See Oregon v. Ice*, 129 S. Ct. 711 (2009) (declining to extend the

---

[1]The PSR stated that Defendant's state sentence was expected to expire in November 2007. At sentencing, after defense counsel made an assertion to the contrary, the prosecutor elicited from the probation officer that Defendant's state sentence would expire in November 2007. Defense counsel then stated on the record that Defendant acknowledged that was correct.

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), line

of decisions to determinations whether sentences be concurrent or consecutive).


We AFFIRM.