NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0794n.06

No. 08-5679

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED**<br>**Dec 16, 2009**<br>LEONARD GREEN, Clerk |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CHARLES CARTER, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

**BEFORE:** SILER, ROGERS and McKEAGUE, Circuit Judges.

**PER CURIAM.** After pleading guilty to the charge of possessing a firearm as a convicted felon, defendant Charles Carter was sentenced to a mandatory minimum prison term of 180 months. The district court ordered that the sentence be served concurrently with a pending 30-year state court prison sentence (for cocaine conspiracy), but consecutively to a 51-month prison sentence for violation of supervised release. On appeal, defendant Carter contends the sentence is substantively unreasonable and that the district court's failure to order the 180-month sentence to run concurrently with the 51-month sentence was an abuse of discretion.

The scope of our review for substantive unreasonableness has been defined by the Supreme Court as follows:

When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not

> required to, apply a presumption of reasonableness. [*Rita v. United States*, 551 U.S. 338, 345-355 (2007)]. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.]§ 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Gall v. United States*, 552 U.S. 38, 51 (2007). *See United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). In the Sixth Circuit, a sentence within the applicable Guidelines range is considered presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Because Carter had at least three prior qualifying felony convictions, he was subject to the 180-month statutory mandatory minimum sentence prescribed at 18 U.S.C. § 924(e). This mandatory 180-month term thus became the low end of the applicable Sentencing Guidelines range, per U.S.S.G. § 5G1.1. Carter acknowledges that his 180-month sentence is presumptively reasonable and he does not challenge this aspect of the sentence. He maintains, however, that the district court had discretion to order that the 180-month sentence be served concurrently with both of his prior prison sentences. Carter contends the court abused its discretion by ordering that he serve his 180-month sentence consecutively to the 51-month sentence.

It is *recommended*, under the Sentencing Guidelines, that a sentence imposed for an offense committed while a defendant was on supervised release, as was Carter, be required to run consecutively to the sentence imposed for the supervised release revocation. U.S.S.G. § 5G1.3, cmt. n.3(C). Yet, the district court has discretion in the matter and exercises its discretion in light of the factors listed at 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584(b); *United States v. Campbell*, 309 F.3d 928, 931 (6th Cir. 2002). Carter contends the district court abused its discretion by placing too much

weight on the Guidelines' consecutive sentencing recommendation and by failing to properly consider the § 3553(a) factors.

Having duly considered the entire record of the sentencing proceeding, we find no error. The district court was manifestly aware of its discretion to impose concurrent sentences. Yet, upon express consideration of the § 3553(a) factors—including defendant's extensive criminal history, the seriousness of the offense and its relation to drug trafficking and potential for violence, the need to protect the public, the need to provide punishment and deterrence, and the need to avoid sentencing disparity—the court imposed a sentence at the low end of the applicable Guidelines range consonant with the Guidelines recommendation. Carter has clearly failed to rebut the presumption that the sentence is substantively reasonable. We find no abuse of discretion.

Accordingly, the sentence is **AFFIRMED**.