**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0257n.06

No. 08-6499

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 26, 2010
LEONARD GREEN, Clerk

UNITED STATES,
    *Plaintiff-Appellee,*

v.

JAY WALLACE ROSS,
    *Defendant-Appellant.*

On Appeal from the
United States District Court for
the Eastern District of Tennessee

_____

Before:  KENNEDY, MOORE, and SUTTON, Circuit Judges.

**KENNEDY, Circuit Judge.**     Jay Wallace Ross appeals the sentence he received for convictions of possession of more than 500 grams of cocaine, possession of a firearm by a previously convicted felon, possession of a firearm in furtherance of drug trafficking, and possession of a weapon by a fugitive.  After pleading guilty to all four counts, Ross was sentenced by the district court to 262 months in prison, to be served consecutive to an undischarged 168-month sentence for a prior federal conviction, resulting in a total of 35 years ten months of incarceration.  For the reasons that follow, we VACATE the sentence and REMAND for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2008, the Knoxville, Tennessee, Police Department learned from a confidential informant that an unknown male–later identified as Defendant-Appellant Jay Wallace Ross–was in possession of a large amount of cocaine.[1]  On the same day, the informant–who was wearing a

_____

[1]These facts and those that follow come primarily from the Presentence Investigation Report ("PSR") which was filed by the United States Probation Office.  Neither the government nor

wire–picked up Ross at a gas station and began driving Ross on a prearranged route. When the police heard Ross tell the informant that he had a large amount of cocaine on his person, the police stopped the car and removed both the informant and Ross. A drug-sniffing dog was brought to the scene and it alerted to the vehicle. The officers on scene then searched the vehicle and found approximately twenty ounces of cocaine in a plastic bag on the floorboard of the seat where Ross had been sitting. Ross was then arrested and brought to the Knoxville Police Headquarters. After receiving *Miranda* warnings, Ross admitted to possessing the cocaine found in the car. Ross also admitted that he possessed an additional amount of cocaine and several firearms, and he voluntarily led officers to two storage buildings which contained this contraband. At these buildings, police found forty additional ounces of cocaine, as well as eight firearms.[2]

Ross had previously been convicted in 2005 in the Southern District of Ohio of conspiring to distribute more than 50 grams of cocaine base. He was sentenced to 168 months in prison for that offense but had remained free on bond in order to attend his sentencing hearing for an unrelated state conviction. Ross failed to appear at the state sentencing hearing, however, and he also failed to report to the Federal Bureau of Prisons to begin serving his sentence for the federal drug possession conviction. When Ross was arrested in Tennessee in connection with the charges in the instant case, he still had not served any time in prison for either of these prior convictions.

On June 13, 2008, Ross pleaded guilty to four charges: 1) possession of at least 500 grams of cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B); 2) possession of a firearm in

---

Defendant stated any objections to the information provided in that document.

[2]Although the PSR indicates that seven firearms were recovered, the report lists eight different gun models. (PSR ¶9.)

furtherance of drug trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 3) possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); and 4) possession of a weapon by a fugitive in violation of 18 U.S.C. §§ 922(g)(2) and 921(a)(15). (R.15.) On August 26, 2008, the United States Probation Office filed its PSR in preparation of the sentencing hearing. With respect to Ross's appropriate criminal history category, the PSR calculated that Ross's prior criminal convictions corresponded to nine criminal history points. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1, two additional points were added because Ross committed the instant offenses while under a state sentence. He received another point, pursuant to U.S.S.G. §§ 4A1.1(e) and 4A1.1(d), for committing the crimes while on escape status from the prior federal drug conviction. As the PSR notes, twelve criminal history points would normally result in a criminal history category of V. However, under U.S.S.G. § 4B1.1(b), Ross's prior state robbery conviction and the earlier undischarged drug possession conviction classified him as a career offender, thereby enhancing his criminal history category to VI. Based on Ross's criminal history and relevant offense conduct, as well as the relevant statutory minimum sentence provisions for the crimes of conviction, the PSR recommended a sentencing range of 262 to 327 months in prison for the instant offense. Pursuant to U.S.S.G. § 5G1.3(a), the PSR also recommended that the sentence be served consecutive to the sentence Ross had yet to serve for his undischarged drug conviction in the Southern District of Ohio.

On November 13, 2008, Ross filed a Sentencing Memorandum requesting that the district court grant a sentence that was concurrent, or at least partially concurrent, to his preexisting federal sentence. In his memorandum, Ross cited Sixth Circuit precedent to indicate that U.S.S.G. § 5G1.3 is not binding and does not usurp a sentencing judge's discretion to impose concurrent or partially

3

concurrent sentences. Ross also claimed that there was no need to imprison him for over thirty years–262 months (or 21.8 years) plus 168 consecutive months (or 14 years) for the undischarged sentence–to account for any of the 18 U.S.C. § 3553(a) sentencing factors. Ross also supported his request by attaching eleven letters from friends and family members who indicated that Ross was a loving person and would be supported by loved ones upon his release from prison.

At Defendant's November 18, 2008, sentencing hearing, the district court denied Ross's request for a concurrent or partially concurrent sentence, and instead imposed a sentence of 262 months in prison, to be served consecutively to his undischarged 168-month federal sentence. After hearing arguments from both attorneys and a statement from Ross himself, the court noted that it had reviewed the PSR recommendations as well as Ross's Sentencing Memorandum and accompanying letters of support. It then refused to grant concurrent sentences, stating:

> Mr. Ross, [your attorney] has made a very impassioned plea on your behalf, but I can't buy it.
> If when you absconded and did not show up for your sentence--
> First of all, when a person is allowed to self-report, that within itself places a great deal of trust on the individual. And instead of reporting as you were required to do, you absconded. And then rather than going and getting a job and trying to support your family – I understand you've got two children already in Ohio – you came to Tennessee and went back in the drug business.
> That's just a total disregard for the laws of our society. And I cannot countenance that. I cannot reward your bad behavior by giving you credit for time as requested by Ms. Voss[, your attorney].
> Ms. Voss, you've done your very best. I appreciate your efforts, but, I'm sorry, I just cannot agree to allow these sentences to run concurrently.

The court then referred to the 18 U.S.C. § 3553(a) sentencing factors and their applicability to the instant conviction, saying:

> The court has considered the nature and circumstances of the offense, the history and characteristics of the defendant and the Advisory Guideline range as well as the other factors listed in Title 18, U.S.C., Section 3553(a).

4

. . .
> This term reflects the lower area of the guideline range, and it is felt this sentence will afford adequate deterrence and provide just punishment.

Later, after asking the parties if they had any other objections to the sentence imposed by the court, the court stated:

> The defendant is a 27-year-old man who became a fugitive from justice in 2005 when he failed to report to serve his sentence in Ohio. While a fugitive the defendant sold cocaine to support himself.
>
> At the time of his arrest the defendant had acquired seven firearms that caused the sentence in this case to run consecutive to the previous 168-month sentence from the United States District Court for the Southern District of Ohio.
>
> The Court does find that his sentence of 262 months in this case is sufficient but not greater than necessary to comply with the purposes of 3553(a)[.]
>
> The Court finds that the sentence imposed will provide just punishment and provide the defendant with the opportunity to obtain vocational and educational rehabilitation.
>
> The defendant has been a drug abuser for at least ten years and is in need of drug treatment. The Court has recommended that the defendant receive a 500-hour residential drug treatment program while he is incarcerated.

The court then concluded the hearing by informing Ross of his right to timely appeal the sentence imposed.

This appeal followed.

## ANALYSIS

### I. Decision to Make Ross's Sentence Consecutive to His Existing Undischarged Sentence

Ross first challenges his sentence on the ground that the district court abused its discretion when it decided that Ross would have to serve his sentence consecutively to his undischarged sentence for the unrelated conviction in the Southern District of Ohio. In his brief, Ross relies heavily on U.S.S.G. § 5G1.3(c), which suggests that when sentencing a defendant who has an undischarged sentence for a different conviction, a court may impose the sentence for the instant

offense to run concurrently or partially concurrently to the undischarged sentence. The problem with Ross's argument is that U.S.S.G. § 5G1.3(a), not § 5G1.3(c), is applicable to the instant case. Section 5G1.3 in its entirety states the following:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3. Subsection (c) explicitly indicates that it is only applicable "in any other case," i.e. in any case to which subsections (a) and (b) do not otherwise apply. U.S.S.G. § 5G1.3(c). Ross's case, however, fits neatly into subsection (a) since the "instant offense was committed . . . after sentencing for, but before commencing service of [a] term of imprisonment . . . ." U.S.S.G. § 5G1.3(a). Subsection (a), unlike subsection (c), directs the sentencing court to impose consecutive sentences in cases such as the one Ross now presents before this Court.

6

That Ross's case is properly categorized under § 5G1.3(a), however, does not end our inquiry. As Defendant points out, "[n]otwithstanding the seemingly mandatory language of U.S.S.G. § 5G1.3(a), we have recognized that the district court has discretion to impose consecutive or concurrent sentences pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3, upon consideration of the factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing." *United States v. Rainer*, No. 07-5104, 2009 WL 323134, at *1 (6th Cir. Feb. 11, 2009) (citing *United States v. Clark*, 385 F.3d 609, 623-24 (6th Cir. 2004)); *see also* 18 U.S.C. § 3584(a)-(b) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).").

Defendant notes that the court "did not specifically reference any of the 3553(a) factors with regard to the issue of concurrence." (Appellant Br. 12.) "[W]here a district court has considered the factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing, the district court's decision whether to impose a concurrent or consecutive sentence pursuant to § 5G1.3 is discretionary." *United States v. Watford*, 468 F.3d 891, 916 (6th Cir. 2006) (citing *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997)). It is an abuse of that discretion, however, when a sentencing court fails to "make generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)) (internal quotation marks omitted). Mere reference by the sentencing court to the concern that concurrent sentences would

7

preclude an incremental penalty for the second offense is insufficient to satisfy the court's obligation in this context. *Clark*, 385 F.3d at 625.

In the instant case, the court abused its discretion in failing to consider the relevant 3553(a) factors or else by failing to disclose how they factored into his decision. In rejecting Ross's request for a concurrent sentence, the court provided no explanation as to how any of the § 3553(a) factors applied to its decision to impose totally consecutive sentences. In fact, the court did not even mention any of the factors with respect to its decision on this issue. Instead, it briefly recounted that Ross had absconded instead of self-reporting and then partook in more criminal activity instead of caring for his children. The court then noted that this was a "total disregard for the laws of our society" and that the court would not "reward [Ross's] bad behavior by giving [him] credit for time as requested . . . ." These conclusory statements do not provide us with a sufficiently well-reasoned "rationale under which it has imposed the consecutive sentence." *See id.* Consequently, we can only speculate as to how the court's explicit comments or implicit analysis was guided by one or more § 3553(a) factors. *See, e.g.*, *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) ("To the extent that the court hides its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court' sentencing determination."). To the extent these statements reflect any actual analysis, they only show the court's concern that concurrent sentence would not provide an incremental penalty, which on its own is insufficient to justify the court's ruling. *See Clark*, 385 F.3d at 625.

Later in the hearing, the court does make some reference to various 3553(a) sentencing factors. However, after ruling on the request for a concurrent sentence, but before actually referring to the factors, the court stated the following:

8

Ms. Voss, you've done your very best.  I appreciate your efforts, but, I'm sorry, I just cannot agree to allow these sentences to run concurrently.

At this time, counsel, I will state the sentence, but I'll give you an opportunity to file any objection that you may have with the sentence before it's actually imposed in this case.

This statement strongly suggests that any discussion thereafter applied to the sentence (i.e. the length of incarceration) and was independent of the court's decision on the concurrent/consecutive sentence issue.  This is confirmed by the fact that during the remainder of the sentencing hearing, the court discussed the appropriate length and terms of Ross's sentence without making any further reference to the consecutiveness of the sentence.  Nor did the court ever specifically indicate how its ruling on the consecutive/concurrent issue played into its decision as to the appropriate sentence length and terms.  Nor did the court, in its eventual reference to the sentencing factors, explain how, if at all, the factors affected the court's decision on the concurrent sentence request.  Therefore, it appears that the court divorced its consecutive/concurrent sentence ruling from its analysis of the rest of the terms of Ross's sentence.  Consequently, there is no indication in the record that the court adequately considered, as required by statute, the section 3553(a) factors in the consecutive/concurrent aspect of its sentence.  To satisfy its statutory obligation under section 3553(a), it needed to explain how the 3553(a) factors were specifically applied or rejected in its consideration of the request for a concurrent sentence.  In other words, the court should perform the very same analysis when choosing a concurrent or consecutive sentence that it also performs when it decides the appropriate length of a sentence.  The court made no such attempt to do so here.  Accordingly, we must assume that the court failed to consider the 3553(a) factors when it decided to make the instant sentence run consecutively to the undischarged sentence.

9

Even if we were to apply the court's eventual references to the sentencing factors to its denial of Ross's request for a concurrent sentence, we would still find that there was insufficient consideration of these factors in the court's decision. Although the court claims to have considered the relevant 3553(a) factors in its decision, the court provided nothing more than the conclusory statements that the sentence would "afford adequate deterrence," (Sent'g Tr. 16) "provide just punishment,"(Sent'g Tr. 16) and "provide the defendant with the opportunity to obtain vocational and educational rehabilitation." (Sent'g Tr. 20.) The court made no attempt to actually apply any of these factors to the specific facts of this case or explain why those sentencing factors actually counseled in favor of the imposed sentence. Admittedly, the court was not required to make specific findings as to each factor in order to satisfy its sentencing duty. *United States v. Campbell*, 309 F.3d 928, 931 (6th Cir. 2002). Yet the court's statements failed to provide a sufficient rationale for its sentence on which we can base our review. Accordingly, we remand so that the court may better explain its rationale for imposing the fully consecutive sentence and indicate how the 3553(a) sentencing factors went into that consideration.

## II. Reasonableness of the Sentence Generally

Ross also asserts that the court failed to properly consider or weigh various 3553(a) factors with respect to his sentence *generally*, independent of whether it would be consecutive or concurrent. "[W]e review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 522 U.S. 38, 41 (2007)). "The reasonableness of a district court's sentence 'has both substantive and procedural components.'" *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2008) (quoting *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007)). If the sentence

10

is "procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence" by considering the "totality of the circumstances." *Gall*, 552 U.S. at 51. Ross suggests in his brief to this Court that his challenge is within the substantive component of the sentence review. However, "[a] review of our . . . decisions demonstrates that we confusingly have identified [this error] as exclusively part of both the procedural and substantive inquiries." *Herrera-Zuniga*, 571 F.3d at 579 (listing examples of Sixth Circuit decisions on both sides). "As a result, the procedural and substantive components of our reasonableness inquiry 'appear to overlap.'" *Id.* (quoting *United States v. Jones*, 489 F.3d 243, 252 n.3 (6th Cir. 2007)). Notwithstanding the fact that Ross's challenge is not easily classified as procedural or substantive, it is clear that his sentence is unreasonable if the district court failed to adequately consider the relevant section 3553(a) factors when making its ultimate sentence determination. *See, e.g.*, *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009).

We agree with Ross that the case should also be remanded so that the court can better explain its rationale for the overall sentence it imposed. As noted above, by making only conclusory statements about the sentencing factors, the court made it impossible to understand exactly why it determined that the selected sentence was warranted based on the facts of this case. *See McBride*, 434 F.3d at 476 n.3. Admittedly, in a case such as this, where the court imposes a within-guidelines-range sentence, the Supreme Court has recognized that substantially less explanation is required on the part of the sentencing court. *Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). Nevertheless, even in such a case, the sentence's reasonableness is legitimately in question when it is unclear from the record whether the court adequately considered

the arguments made by the defendant with respect to the 3553(a) sentencing factors. *See United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007). In the instant case, Ross made the specific argument in his Sentencing Memorandum and at the hearing that he could not and would not be rehabilitated by a long sentence that would leave him without hope and without the opportunity to reintegrate into society. In imposing its sentence, the court, in an apparent attempt to address this argument, stated its belief "that the sentence imposed will provide just punishment and provide the defendant with the opportunity to obtain vocational and educational rehabilitation." We fail to see how a such a long sentence will serve the purpose of, or is necessary for, Ross's rehabilitation. And with no specific explanation as to why a 262-month sentence (albeit with some recommended training programs) actually aids Ross's rehabilitation, we can only speculate as to why the court felt that this sentence is sufficient, but not greater than necessary, to serve that purpose. On remand, the court should provide such an explanation, or else specifically explain why the sentence is not greater than necessary *despite* Ross's rehabilitation argument.

## CONCLUSION

For the foregoing reasons, we VACATE the sentence imposed on Ross by the district court and REMAND for resentencing.