**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0699n.06

**No. 09-5663**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 05, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff-Appellee,** | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. WARD, aka Dollar | ) |
| (Federal Prisoner #04654-028), | ) |
| | ) |
| **Defendant-Appellant.** | ) |

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY**

**O P I N I O N**

BEFORE: NORRIS, GIBBONS and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant David Ward was part of a conspiracy to smuggle heroin into his place of imprisonment, the United States Penitentiary known as Big Sandy ("Big Sandy") in Inez, Kentucky. He pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. He now appeals, contending that the district court erred in not granting him a downward departure under the sentencing guidelines despite his status as career offender. He also argues that he should have received a downward departure for being a minor participant in the conspiracy and that his sentence should not run consecutively to the previous sentences he was

serving for past federal and state crimes.[1]  For the reasons that follow, we now affirm the district court's sentence.

**I.**

In 1994 defendant was shot and apprehended by the police after attempting to rob a bank in Indianapolis.  He was subsequently incarcerated in numerous federal penitentiaries, including Big Sandy.  Sometime in 2005, another prisoner, Personne McGhee, recruited defendant into a conspiracy to smuggle contraband into Big Sandy.[2]  Defendant recruited his then girlfriend, Maria "Re Re" Mimms, into the conspiracy.  In late 2005, Mimms received a package of heroin.  Personne McGhee's mother, Clady McGhee, picked up the package from Mimms and, along with a confederate, conveyed it to Alice Stapleton.  Stapleton was employed as a corrections officer at Big Sandy; she smuggled the drugs into the penitentiary and conveyed them to Personne McGhee.

The McGhees, Mimms, Stapleton, and others smuggled more heroin into Big Sandy in March 2006, but by this time defendant claims to have withdrawn from the conspiracy.  The conspiracy was discovered in July, 2006, when Kentucky State Police pulled Stapleton over for a traffic stop and found a third package containing heroin and other contraband.  Personne McGhee subsequently divulged the conspiracy's details.

---

[1] Defendant also argued that the district court may have erred in enhancing his sentence under 21 U.S.C. § 851, but withdrew this issue after it became apparent that his sentence was not enhanced under that provision.

[2] Defendant states that he did not know that they were smuggling in heroin, but admits knowing that the contraband was likely "some drugs." (Sentencing Tr. at 48).

Defendant was indicted for a sole count of conspiracy to distribute heroin. 21 U.S.C. § 846. He entered a guilty plea without the benefit of a written agreement. The Presentence Report ("PSR") calculated defendant's adjusted offense level at 16. However, because he had at least two prior convictions for violent crimes and his current offense involved a controlled substance, he was classified as a career offender pursuant to U.S.S.G. § 4B1.1. This increased his offense level to 32. After a further adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), defendant's total offense level was 29. His criminal history category would have been V, but was increased to VI because he was a career offender. With an offense level of 29 and a criminal history category of VI, the guidelines range calls for 151 to 188 months of imprisonment. Defendant lodged two objections to the PSR, arguing that he was entitled to a two-level decrease in his offense level because he was a minor participant in the conspiracy, U.S.S.G. § 3B1.2(b), and that departure from the application of the career offender provision, § 4B1.1, was appropriate.

At sentencing, defendant's attorney raised the same two issues. The district court determined that some participants had the same level of culpability as defendant and held that he was not a minor participant. Defendant's attorney conceded that from a "technical standpoint" the defendant was a career offender, but argued that the court should still depart from the guidelines. (Sentencing Tr. at 25-26). The court declined to do so and adopted the PSR's findings. However, the court determined that the recommended guidelines range of 151-188 months was too high. Noting that it wanted to avoid a sentencing disparity, the court sentenced defendant to 75 months of incarceration, to run consecutively to his undischarged federal and state terms of imprisonment.

**II.**

*1. Career Offender*

We review a defendant's sentence for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review for both procedural and substantive error. *Id*. A sentence is procedurally unreasonable if the district court improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Id*. A sentence is substantively unreasonable when the district court bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). Defendant carries the burden of showing that the sentence ultimately imposed represents an abuse of discretion. *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). When a below-guidelines sentence is imposed, "simple logic compels the conclusion that . . . defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

At sentencing, defendant's attorney conceded that defendant met the career offender criteria. However, he asked the court for a downward departure under the reasoning contained in *United States v. Fletcher*, 15 F.3d 553 (6th Cir. 1994). The court did not explain why it chose not to grant a downward departure.[3]

---

[3] It is likely that the court instead decided to apply the downward variance that was roughly half of the recommended guidelines range.

We will not review a district court's decision not to depart downward from the guidelines unless the district court was unaware of its discretion to depart. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008) ("[W]e presume the district court understood its discretion, absent clear evidence to the contrary.") (citing *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002)). There is no evidence that the district court was unaware of its discretion. Instead, the record indicates that defendant conceded that the career offender provision applied, and the district court declined to grant a departure.

Defendant's reliance on *Fletcher* is also misplaced. That case concerned a government appeal of a district court's downward departure. And there we did not hold that the district court had to depart, only that the departure did not violate the sentencing guidelines. *Fletcher*, 15 F.3d at 554.

*2. Minor Participant Deduction*

Next, defendant contends that the district should have determined that he was a "minor participant" under U.S.S.G. § 3B1.2(b). We do not reach this issue because we have already held that the district court properly classified defendant as a career criminal. Any minor participant deduction defendant would have received was negated by the mandatory offense level required by the career offender enhancement. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.")

*3. Consecutive Sentence*

At sentencing, defendant made no argument for a concurrent sentence. After the consecutive sentence was pronounced, the district court asked if there were any objections. Defendant's attorney

replied that he had no procedural objections, and that "[w]e stand on the objections made here earlier." (Sentencing Tr. at 63).[4] Because defendant never brought this objection before the district court, plain error review applies. *See United States v. Harmon*, 607 F.3d 233, 236-37 (6th Cir. 2010). "To establish plain error, a defendant must show the following: (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009 (quoting *United States v. Koeberlein,* 161 F.3d 946, 949, (6th Cir. 1998)).

Under the federal sentencing scheme, "[i]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). Under § 3584(b), the district court must consider the pertinent 18 U.S.C. § 3553(a) factors. Furthermore, § 3553(a)(4) and (5) require the district court to consider the sentencing guidelines and pertinent policy statements issued by the Sentencing Commission. The guidelines state:

> If the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

---

[4] The court went on:

THE COURT: Okay. And then to be clear, is there any objection to the process that we've used to impose the sentence today?

[DEFENDANT'S ATTORNEY]: No, Your Honor.

*Id*.

U.S.S.G. § 5G1.3(a). Curiously, neither party cited this part of the guidelines. Instead, both the

defendant and the government refer to a policy statement contained in § 5G1.3(c):

> (Policy Statement) *In any other case involving an undischarged term of imprisonment*, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c) p. s. (emphasis added). Because defendant's offense was committed while he

was serving a term of imprisonment, § 5G1.3(a) applies.

This does not end our inquiry because the guidelines are advisory. "Notwithstanding the

seemingly mandatory language of U.S.S.G. § 5G1.3(a), we have recognized that the district court

still has discretion to impose consecutive or concurrent sentences . . . upon consideration of the

factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at

the time of sentencing." *United States v. Rainer*, 314 F.App'x. 846, 847 (6th Cir. 2009) (citing

*United States v. Clark*, 385 F.3d 609, 623-24 (6th Cir. 2004); and *United States v. Campbell*, 309

F.3d 928, 930-31 (6th Cir. 2002)). Here, the district court clearly addressed the § 3553(a) factors,

which led it to impose a sentence below the guidelines range. Defendant does not dispute that the

court discussed the § 3553(a) factors, but instead contends that the record does not indicate it did so

in its decision to impose a consecutive sentence. However, on plain error review, so long as the

district court clearly stated that the sentence was imposed pursuant to the § 3553(a) factors, we will

not require it to say more. *See Harmon*, 607 F.3d 233, 239 ("The district court's determination of

the length of [the defendant's] sentence and its decision to impose the sentence consecutively to the

undischarged state sentence were intertwined.").

## III.

The judgment is **affirmed**.