NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0555n.06

No. 18-5394

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 01, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEVIN AJAI GORDON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and LARSEN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** After Devin Gordon violated the terms of his supervised release, the district court revoked his release and imposed sixty months' imprisonment, the statutory maximum. The Guidelines sentencing range was thirty-seven to forty-six months. Gordon appealed, arguing that the district court's decision was both procedurally and substantively unreasonable. Because the district court adequately considered the sentencing factors under 18 U.S.C. § 3553(a) and explained its basis for the upward variance, Gordon's arguments lack merit. We affirm.

I.

In 2012, Gordon sold firearms to undercover agents of the Kingsport Police Department and offered to sell them crack cocaine and marijuana on multiple occasions. Kingsport police officers arrested Gordon. Gordon pled guilty in district court to conspiracy to distribute and possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(D), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). On March 5, 2013, the district court sentenced Gordon to sixty-two months' imprisonment followed by five years' supervised release. Gordon was released from custody and began the term of supervised release on April 17, 2017.

Two days after Gordon left prison, he and Sylvanus Jones—Gordon's co-defendant in a separate, related case—sold crack cocaine to a confidential informant working with the Kingsport Police Department. Over the next two months, Jones sold crack cocaine to confidential informants on three more occasions. In January 2018, Gordon pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him to thirty months' imprisonment.

Based on Gordon's conduct underlying his January 2018 conviction, the Probation Office filed a petition for warrant in the case at bar, alleging five violations of Gordon's supervised-release terms. Those terms, in pertinent part, required:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not illegally possess a controlled substance.

3. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

4. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court.

5. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

DE 84, Am. Pet. for Warrant, Page ID 157–58.

The district court found Gordon guilty of violating these five terms. Based on these Grade A violations and Gordon's criminal history category of IV, the district court calculated Gordon's

Guidelines range as thirty-seven to forty-six months' imprisonment, with a statutory maximum of sixty months. Noting the repeat nature of Gordon's violative conduct and the short time span between his release from custody and engaging in criminal activity, the district court revoked Gordon's supervised release and imposed the statutory maximum sentence to run consecutive to the thirty-month sentence for conspiracy to distribute crack cocaine imposed by the court in Case No. 2:17-CR-98. Gordon appealed.

## II.

Gordon contends that the district court's sentencing decision was both procedurally and substantively unreasonable. This court ordinarily reviews a district court's supervised release revocation sentence for reasonableness under an abuse of discretion standard. *United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017); *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). We give due deference to the district court, in recognition of its superior familiarity with the case, fact-finding position, and ability to assess credibility. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). Indeed, the district judge has "considerable discretion in applying the § 3553(a) factors to an individual." *United States v. Overmyer*, 663 F.3d 862, 864 (6th Cir. 2011).

The reasonableness inquiry is two-fold. We must vacate if a sentence is procedurally or substantively unreasonable. *Adams*, 873 F.3d at 516–17; *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008). Our inquiry begins with procedural reasonableness and then turns to substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 49 (2007); *Bolds*, 511 F.3d at 581.

Because Gordon failed to raise a procedural objection to the district court's *Bostic* question,[1] we review his procedural-reasonableness argument for plain error. *United States v.*

---

[1] A proper *Bostic* question asks "for objections to the sentence *that have not been previously raised*." *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) (emphasis added). Here, the district judge asked both parties whether they

*Phillips*, 516 F.3d 479, 486–87 (6th Cir. 2008) (citing *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004)).  "A 'plain error' is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court."  *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996).  To show plain error, Gordon must demonstrate there was an "(1) error that (2) was plain, (3) affected [his] substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Ushery*, 785 F.3d 210, 218 (6th Cir. 2015) (citing *United States v. McCreary–Redd*, 475 F.3d 718, 721 (6th Cir. 2007)).

### A.  Procedural Reasonableness

Gordon argues that his sentence is procedurally unreasonable because the district court failed to clearly articulate its justification for the variance from the Guidelines range.  In evaluating a sentence for procedural reasonableness, we ask, *inter alia*, whether the district court erred by "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Bolds*, 511 F.3d at 579 (quoting *Gall*, 552 U.S. at 51).  If a sentence falls outside the Guidelines range, as here, the district court must "state 'the specific reason for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'"  *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (alteration in original) (emphasis omitted) (quoting 18 U.S.C. § 3553(c)(2)).  The district judge's explanation must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  While a court must "ensure that the justification is sufficiently compelling to support the degree of the variance," *Gall*, 552 U.S. at 50, we do not "require[] 'extraordinary' circumstances to justify a sentence outside the Guidelines range," *id.* at 47.

---

had "any objection to the sentence just pronounced by the court . . . that has not been previously raised."  DE 110, Sentencing Hr'g Tr., Page ID 540–41.  Gordon made none.  This triggers plain-error review.

Here, the district court imposed a sixty-month sentence, an upward variance from Gordon's Guidelines range. In determining "a sentence sufficient but not greater than necessary," DE 110, Sentencing Hr'g Tr., Page ID 534, the district court considered the relevant sentencing factors under 18 U.S.C. § 3553(a). Specifically, the court reflected on (1) Gordon's applicable Guidelines range; (2) the seriousness of his crack cocaine distribution offense; (3) the need to promote respect for the law and afford adequate deterrence, in light of his risk of recidivism; (4) his personal circumstances and the nature of his involvement in the drug conspiracy; and (5) his educational level and skills.

The district court also recognized two relevant sentencing considerations that § 3553(a) does not explicitly contemplate. First, the court emphasized the repeat nature of Gordon's offenses and violations and his commission of them within days of beginning his term of supervised release. Second, the court acknowledged that the government had "made very significant concessions" to Gordon in the related case by not seeking to enhance his sentence on the basis of his prior drug convictions. DE 110, Sentencing Hr'g Tr., Page ID 539. Had the government sought such an enhancement under 21 U.S.C. § 851 in that case, Gordon would have faced a mandatory minimum of 120 months' imprisonment. As such, the court noted, Gordon received "a very substantial benefit" in the form of a sentence ninety months shorter than he otherwise would have received. *Id.* at 526.

Based on these considerations and the totality of the circumstances, the district court concluded that Gordon was "not amenable to supervision" and posed a "very high risk of recidivism." *Id.* at 539. The court then imposed the statutory maximum sentence of sixty months' imprisonment with no supervised release to follow.

Contrary to Gordon's contentions, the district court sufficiently examined the sentencing factors under § 3553(a) and articulated its reasons for the upward variance. We do not require a "ritualistic incantation" of all the factors and every tangentially-relevant fact. *Bolds*, 511 F.3d at 580 (quoting *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999)). Here, the district court provided more than "conclusory statements" regarding the factors. *See United States v. Ross*, 375 F. App'x 502, 507 (6th Cir. 2010). Indeed, the court identified the most relevant factors and the facts and characteristics that influenced its sentencing decision. Further, we do not read the district court's revocation analysis in a vacuum. The court conducted a separate analysis of the § 3553(a) factors earlier in Gordon's sentencing hearing to determine the appropriate sentence for Gordon's criminal conviction in his other case. Many of the factors—deterrence, criminal history, seriousness of offense, personal characteristics, sentences available—overlap in the district court's analysis for both cases. The sentencing hearing transcript as a whole makes clear that the court listened to the parties' arguments, considered the supporting evidence, and accounted for the sentencing factors in imposing Gordon's sentence. *See Rita*, 551 U.S. at 358.

We find the district court's justification for its upward variance "sufficiently compelling." *See Bolds*, 511 F.3d at 580 (citing *Gall*, 552 U.S. at 47). The district court clearly articulated its reasons for imposing the statutory maximum, and thus did not err, plainly or otherwise. Therefore, Gordon's sentence satisfies the procedural reasonableness prong.

*B. Substantive Reasonableness*

Having established that Gordon's sentence is procedurally sound, we turn our analysis to substantive reasonableness. Under the substantive reasonableness inquiry, we look at the totality of the circumstances, including the extent of any variance from the Guidelines range, as we have here. *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010). "A sentence is

substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient[,] but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (internal quotations marks and citation omitted). A claim that a sentence is substantively unreasonable is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Gordon asserts that his revocation sentence is substantively unreasonable because, under the totality of the circumstances, the district court's decision to vary upward improperly took his case beyond the "heartland" contemplated by the Guidelines. Gordon argues that his case is not the kind of "atypical" case outside the heartland and that the district court ignored certain facts suggesting lesser culpability. He specifically points to the short period of time he participated in the 2017 drug conspiracy and the small amount of cocaine for which he was held accountable.

The district court carefully addressed the § 3553(a) factors when sentencing Gordon to the statutory maximum. The court offered several reasons why a sentence within the Guidelines range was insufficient, including what the Guidelines failed to take into account regarding Gordon's conduct. It considered whether Gordon's personal circumstances required a different sentence. In sum, the district court provided a reasoned basis for imposing the statutory maximum in this revocation case. *See Rayyan*, 885 F.3d at 443 ("The district court properly considered all of the factors, balanced them, and imposed a reasonable sentence. We see no basis for second guessing that judgment."). Therefore, the district court did not abuse its discretion and imposed a substantively-reasonable sentence.

III.

We find that Gordon's sentence is procedurally and substantively reasonable. The district court did not err in revoking Gordon's supervised release and sentencing him to sixty months' imprisonment for his release violations. Therefore, we affirm.