NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0587n.06

No. 09-6455

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS YOUNG,

    Defendant-Appellant.

FILED

**Aug 19, 2011**

LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Western District of
Tennessee at Memphis

---

**Before:** **BATCHELDER, Chief Judge; GUY and MOORE, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.** Defendant Carlos Young appeals the sentence imposed by the district court following his plea-based conviction of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). Young asserts the district court's decision to make his federal sentence consecutive to, rather than concurrent with, his sentence for a state parole violation was procedurally unreasonable. Finding the sentence to be reasonable, we affirm.

I.

    In July 2009, under a Fed. R. Crim. P. 11 plea agreement with the government, Young pleaded guilty to being a felon in possession of one round of ammunition. The document

stated the government's agreement to a sentence of 180 months of imprisonment, the statutory minimum.

The presentence report (PSR) prepared by the probation department classified Young as an "Armed Career Criminal," and assigned him a total offense level of 31 and a criminal history category of VI. This resulted in a guideline range of 188 to 235 months of imprisonment.

At sentencing, the district court adopted the facts and calculations in the PSR, and thoroughly considered the relevant 18 U.S.C. § 3553(a) factors. Ultimately, after stating its concerns about whether the below-guidelines sentence in the plea agreement was appropriate under the circumstances, the district court sentenced Young to 180 months of incarceration.

Following that pronouncement, Young's counsel asked the district court to address whether the 180 months would run partially or wholly concurrent with or consecutive to a state sentence then being served by Young. In response, the district court first asked about the state court sentence being served, which was a sentence for a parole violation based on the federal court conviction. The district court then asked the defendant how long the state court sentence was, to which the defendant answered three years. The following discussion ensued:

> **The Court:** That's what I thought, okay. Let me explain how it is normally done. Normally, the situation is this: You were on supervision from the state, and you violated that supervision, that's different from committing this offense. They're punishing you because you violated a condition of your supervision. We usually regard that consecutive matters because you messed up twice. You violated a condition over here, rules that you couldn't break, and then over here, you violated a federal law, so that's why you're over here. So there's two different things, and normally they would be consecutive and

not concurrent comment [sic] terms. I don't know that anybody here–let me check one thing, I thought this was usually–I think that's what the report said too. Let me check that. Does the officer --

[Counsel for Defendant]: Look at the second addendum, Your Honor.

The Court: That's what I thought too. Let me get it out here. Yeah, that's what I needed. Right, it may run concurrently, partly concurrently or consecutively to the prior undischarged period of imprisonment to achieve reasonable punishment for the instant offense, and that's 5G1.3(c). The government took no position on this in the case. What Ms. Randle-Holt is asking me to do, very appropriately, she is asking me to run this concurrently because of her view that you're going to do better than most people we see here. Now, often the government takes the position that it should be consecutive, so I don't know what the government's position is.

[Counsel for the Government]: Your Honor, in this case, we would submit it to the court to make the decision.

The Court: Well, it looks like that – let me recheck that, but – don't disappoint me. You could really disappoint us on this one, okay?

The Defendant: Yes, sir.

The Court: That's what she is saying, she wants to try – let me recheck one part of the guidelines. We will take a look at it and --

The Probation Officer: Your Honor, it is found in the application note.

The Court: Yes, yes. Which one?

The Probation Officer: 5G1.3(c).

The Court: 3(c), right. Subsection (c) applies in cases in which the defendant was on federal or state probation, parole or supervised release at the time of the instant offense and has had such probation, parole or supervised release revoked. Consistent with the policies set forth in application note four and subsection (f) of Section 7B1.3, revocation of probation or supervised release, the commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation, and that's what I was referring to earlier. I think the fact was that had I not – had

we not had this discussion, it would have been consecutive anyway. That's what I thought. I thought we were doing a consecutive sentence. It should be consecutive. You have gotten – it was an appropriate determination on the 180 months, but they are different offenses, and for the reasons that we talked about, including the guidelines themselves, they should be separate. Now, I don't know when the state will release you. You won't be doing your – I don't know, sometimes they do the whole time, it is usually hard time when you go back, is that going to be straight time?

**The Defendant:** I think I go back up for parole in October of 2010.

The district court then confirmed again that its sentence was to be served consecutively to Young's state sentence, and asked the parties if there was "[a]nything else we need to do?" The Government replied "[n]o, your honor." Nothing was said by the defense. This appeal followed.

## II.

Young asserts that the district court's decision to impose a consecutive, rather than concurrent, sentence was procedurally unreasonable. A district court's decision to impose a consecutive or concurrent sentence is reviewed for abuse of discretion. *See United States v. Hall,* 632 F.3d 331, 335 (6th Cir. 2011).[1] The district court will not abuse its discretion if it "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (quoting *United States v. Owens*, 159 F.3d

---

[1]The government points out our statement in *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) that "[a] challenge to a court's decision to impose a consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural.'" Because the government concedes that the district court's words "anything else we need to do?" were insufficient under *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), and that our review is for abuse of discretion rather than plain error, whether this falls under the "procedural" or "substantive" category is of no import to this decision.

221, 230 (6th Cir. 1998)). As a general proposition, the sentencing court should make explicit reference to the pertinent United States Sentencing Guidelines provision concerning consecutive versus concurrent sentences. *See United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994). Specific reference is not required, however, if other evidence in the record shows the sentencing court considered the applicable section. *See United States v. Berry*, 565 F.3d 332, 342-43 (6th Cir.), *cert. denied*, 130 S. Ct. 275 (2009).

Young's first argument is that the district court treated the United States Sentencing Guidelines as "*de facto* mandatory," rather than as a recommendation. He supports this argument by pointing to the district court's language in referencing defense counsel's request as "appropriate," and asking Young not to "disappoint us." Young asserts that after indicating, in this fashion, its intention to impose a *concurrent* sentence, the district court then took a 180-degree turn in making the sentence *consecutive*. Young contends this happened only after the district court read Application note 3(C) to U.S.S.G. § 5G1.3 aloud, and changed its position to conform to the recommendation without any analysis of the case before it.

Although we acknowledge that the district court at first appeared inclined to grant Young's counsel's request to impose a concurrent sentence, it is clear from examining the transcript of the proceedings that the district court then very deliberately came to the opposite conclusion. While Young argues that the shift in position by the district court demonstrates that it considered the guidelines to be mandatory, we do not agree. The district court's reference to the commission's "recommendation," and statement that the sentences, like the

offenses, "should be separate," demonstrate to us that the district court did not consider the guidelines a mandate.

Young's remaining arguments are that the district court failed to consider the appropriate factors in imposing a consecutive sentence, and did not explain what, if any, factors it did consider. Young cites *Johnson*, 553 F.3d at 998 (quoting *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997)): "the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." The government does not disagree with this authority.

Section 5G1.3(c) provides that the district court has the discretion to run a sentence "concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment." The pertinent commentary is contained in Application Notes 3(A) and 3(C). Note 3(A) lists five factors for the district court to consider "[i]n order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity":

   (i)      the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

   (ii)     the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

   (iii)    the time served on the undischarged sentence and the time likely to be served before release;

   (iv)    the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3, comment (n.3(A)). Application Note 3(C) states the Commission's recommendation that a sentence be imposed consecutively to any sentence imposed for a revocation for federal or state probation, parole, or supervised release.

Although Young contends that the district court failed to consider the factors listed above, the record demonstrates otherwise. The district court first reviewed the circumstances of the offense, discussed Young's background and criminal history, and also carefully considered testimony about Young's alcohol abuse given by an expert witness presented by the defense. The district court was very careful to determine that the 180-month sentence, eight months below the bottom of the guideline range, would be appropriate under the circumstances, rather than create sentencing disparities. These proceedings satisfied the court's requirement to consider § 3553(a) factors and met the guidelines' recommendation in factor (i) of Application Note 3(A).[2] The district court then sought specific information about the three-year state court sentence, satisfying Application Note 3(A) factors (ii), (iii),

---

[2]While the district court did not again specifically invoke § 3553(a) factors in connection with its decision to impose a consecutive sentence, it implied that it had already given the defendant a break in imposing a below-guidelines sentence. It then referred to the "reasons we talked about," and the "guidelines themselves" in making the consecutive vs. concurrent decision. The district court thereafter discussed on the record the defendant's ability to earn 54 days of "good time" for each year of incarceration in the federal system, and was clear in its desire to begin running the 180 months of imprisonment after his release from the three-year state sentence. District courts have no "distinct obligation" to conduct a separate § 3553(a) analysis in deciding the concurrent or consecutive nature of a sentence. *See Berry*, 565 F.3d at 343.

and (iv), above.[3]  The district court, in this fashion, demonstrated that it was considering whether its consecutive sentence represented appropriate incremental punishment.

Although the district court may have seemed poised, initially, to grant the defense's request to impose a sentence concurrent to Young's state sentence for a violation of his parole, the fact that the district court reversed course, said misleading words, or changed its mind altogether does not amount to an abuse of its discretion.  Likewise, any ongoing or even last-minute deference the district court may have given to the recommendation of the U.S. Sentencing Commission was a permissible exercise of discretion.  While the district court's determination on the consecutive nature of its sentence might have been made more clear with additional explanation, we are satisfied that the district court considered the required factors prior to making its pronouncement.  The sentencing proceeding came to a conclusion with the district court clearly articulating the sentence that *it* chose, under the circumstances, for Mr. Young.  The district court did not make any procedural error, and carefully considered both the 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3(c) Application Note 3A factors in formulating a reasonable sentence.

The district court is **AFFIRMED**.

---

[3]Although Young asserts that the district court's recitation at sentencing of a portion of Application Note 3(C), rather than 3(A), demonstrates that it did not even consider Note 3(A), the record reveals that the district court did in fact consider the factors contained in Note 3(A).

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Because the district court did not explain adequately his reasoning for imposing a consecutive sentence, I respectfully dissent. Although required to consider the 18 U.S.C. § 3553 factors in his determination of whether to impose a concurrent or consecutive sentence, the district court failed to mention any of the § 3553(a) factors in this context, much less indicate how they impacted his decision to impose a consecutive sentence. Even without a "distinct obligation" to conduct a separate § 3553(a) analysis for this purpose, *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009), a sentencing court must "make[] generally clear the rationale under which it has imposed the consecutive sentence," *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). The district court gave no indication that the § 3553(a) factors he considered in fashioning the initial sentence also supported his decision to impose a consecutive sentence. Instead, the consecutive-sentence determination was entirely "divorced . . . from [the] analysis of the rest of the terms of [Young's] sentence." *United States v. Ross*, 375 F. App'x 502, 507 (6th Cir. 2010) (unpublished opinion).

Rather than engaging in an individualized application of § 3553(a) factors to the specific facts of the case, the district court seemed to rely entirely on the recommendation in the sentencing guidelines that Young's sentences be consecutive. The district court discussed "only . . . the court's concern that a concurrent sentence would preclude an incremental penalty," which on its own is insufficient to justify consecutive sentences. *United States v. Clark*, 385 F.3d 609, 625 (6th Cir. 2004). Thus, the district court's

statements do not provide us with a sufficient "rationale under which it has imposed the consecutive sentence," and upon which we base our review. *Johnson*, 553 F.3d at 998. I would remand so that the district court could properly consider the § 3553(a) factors and explain its rationale for imposing a consecutive sentence.