NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0675n.06

No. 15-5469

**FILED**
Dec 15, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ISRAEL GONZALEZ-PASOS, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Israel Gonzalez-Pasos pleaded guilty to a single count of conspiracy to distribute heroin. He was sentenced to 264 months' imprisonment—twenty-four months above the statutory mandatory minimum sentence that determined his guideline sentence[1]—and now appeals, asserting that (1) he was prejudiced by the district court's failure to conduct a § 851(b) colloquy related to a predicate felony-drug-offense conviction; (2) he had ineffective assistance of counsel; (3) an upward variance was substantively unreasonable; and (4) the imposition of a sentence consecutive with an unrelated, undischarged sentence was procedurally unreasonable.[2] We **AFFIRM** without prejudice to Gonzalez-Pasos raising an ineffective-assistance claim in a motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255.

---

[1] Absent a mandatory minimum, the guideline range would have been 151 to 188 months.

[2] Gonzalez-Pasos returned to Mexico before his indictment and was arrested in Brooks County, Texas for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He pleaded guilty and was sentenced to 27 months' imprisonment.

I

Gonzalez-Pasos is a citizen of Mexico. He was indicted as a member of a black-tar heroin distribution ring active in the Eastern District of Kentucky, along with Tamara Wombles, Duran Wombles, Lauren Summers, and Jesus Lizarraras-Estudillo. The Government alleged the conspiracy involved a drug quantity of one kilogram or more, a threshold that triggers a mandatory ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A) and a base offense level of 30 under the Sentencing Guidelines. U.S.S.G. § 2D1.1(c)(5).

On January 12, 2015, immediately before his trial was to begin, Gonzalez-Pasos informed the district court through counsel that he did not wish to proceed to trial and would instead plead guilty, reserving the right to contest the alleged drug quantity at sentencing. After the district court conducted a Rule 11 colloquy, Gonzalez-Pasos pleaded guilty through an interpreter to the sole count charged, conspiracy to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. At sentencing three months later, he was sentenced to 264 months' imprisonment, to run consecutively to his undischarged illegal-reentry sentence. This sentence included a 240-month minimum based on a one-kilogram-or-more drug quantity and a predicate felony drug conviction, *see* 21 U.S.C. 841(b)(1)(A), and a 24-month upward variance.

II

A

Gonzalez-Pasos first argues that he was prejudiced by the district court's failure to conduct a § 851(b) colloquy related to a predicate felony drug conviction. Section 841(b)

subjects defendants with finalized prior "felony drug offense" convictions to enhanced minimum sentences.[3] *See* 21 U.S.C. § 841(b)(1)(A)–(C).

The use of predicate convictions to increase punishment is governed procedurally by 21 U.S.C. § 851. When the Government seeks to use a predicate conviction, § 851(a) requires it to file an information prior to trial or the entry of a guilty plea setting forth the conviction to be relied upon. Here, the Government filed an information prior to Gonzalez-Pasos's trial date and guilty plea, alleging that he had been convicted on October 23, 2007 of Possession of a Controlled Substance First Degree, Case No. BA322904, by the Superior Court of Louisiana. Both parties now acknowledge that this information erroneously identified the state court: the conviction actually occurred in the Superior Court of Los Angeles.[4] Gonzalez-Pasos acknowledges on appeal that he was convicted of violating Cal. Health & Safety Code § 11351, although neither the information nor the pre-sentence report cite this statute.

A district court must inquire after conviction but before sentencing whether the defendant affirms or denies that he has been previously convicted as alleged in an information, and must further inform the defendant that he must challenge the validity of the conviction prior to the imposition of sentence. 21 U.S.C. § 851(b). Challenges to the validity of a predicate conviction are subject to a five-year statute of limitations running from the date of conviction. 21 U.S.C. § 851(e). We review a district court's failure to conduct a § 851(b) colloquy for harmless error. *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998); *see also United States v. Fields*, 354 F. App'x 254, 257 (6th Cir. 2009) ("This [c]ourt has repeatedly found the failure to inquire under

---

[3] A "felony drug offense" is an "offense that is punishable by imprisonment for more than one year under any law of . . . a State . . . that *prohibits or restricts conduct relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added).

[4] The pre-sentence report correctly identified the Superior Court of Los Angeles as the convicting court. Gonzalez-Pasos's trial counsel affirmed at the sentencing hearing that he and his client orally reviewed the report "at length" with the assistance of an interpreter. *Sentencing Tr.*, R. 229, at 3. He also produced a Spanish translation of the report, although at the time of sentencing Gonzalez-Pasos had not seen it.

§ 851(b) to be harmless when a defendant receives adequate notice of the government's intent to use the prior conviction at sentencing and fails to file an objection under § 851(c).")

During the plea colloquy, the court apprised Gonzalez-Pasos of the Government's prior-conviction allegation and that a prior "felony drug offense" conviction would result in an increased minimum sentence. When the court asked whether he had the predicate conviction alleged in the Government's information, Gonzalez-Pasos replied "[y]es" through an interpreter. *Plea Tr.*, R. 230, at 10–11.

Gonzalez-Pasos argues on appeal that the § 851(b) colloquy was deficient and in essence did not occur. The district court held a § 851(b) colloquy during which Gonzalez-Pasos affirmed that he had the predicate conviction alleged in the Government's information. However, the district court failed to inform Gonzalez-Pasos of the requirement that he challenge the validity of the conviction prior to sentencing. Nevertheless, as the Government argues, this failure was harmless in that the five-year statute of limitations for a validity challenge expired years earlier. *See United States v. Craft*, 495 F.3d 259, 265 (6th Cir. 2007). The district court also failed to discuss the specific allegation, telling Gonzalez-Pasos only that an information had been filed alleging that he had a "prior felony drug conviction" and asking whether he acknowledged that he had such a conviction. *Plea Tr.*, R. 230, at 10–11. Had the court described the allegation, Gonzalez-Pasos may well have denied having a Louisiana drug conviction. But this error too was harmless, as no one disputes Gonzalez-Pasos was convicted of possessing a controlled substance in 2007 in Los Angeles under the case number BA322904. Finally, we note that the court harmlessly held the colloquy contemporaneously with the guilty plea, rather than after conviction as § 851(b) directs. *See United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997)

("We recognize as well the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance.").

This leaves Gonzalez-Pasos's argument that the California statute he was convicted under is not necessarily a predicate offense under § 841(b). Gonzalez-Pasos erroneously refers to the term "drug trafficking offense" in his brief on appeal. The term "drug trafficking offense" is used in parts of the Sentencing Guidelines, *e.g.*, U.S.S.G. § 2L1.2(b)(1)(A) (illegal reentry), but is irrelevant here because the mandatory minimum sentence under § 841(b) is triggered by a prior "felony drug offense." *See* 21 U.S.C. § 841(b)(1)(A)–(C) (using the term "felony drug offense"). A violation of Cal. Health & Safety Code § 11351 (eff. Mar. 29, 2000)—which prohibits possessing or purchasing a controlled substance for purposes of sale—falls within 21 U.S.C. § 802(44)'s broad definition of "felony drug offense" as a violation of a statute that "prohibits or restricts conduct relating to [certain] drugs . . . ."

B

Gonzalez-Pasos next argues that the district court witnessed a lack of advocacy by trial counsel at the sentencing hearing, and should have held a hearing to re-determine whether his guilty plea was in fact voluntary. However, because Gonzalez-Pasos challenged the voluntariness of his plea at the sentencing hearing, the district court did address whether his plea was knowing and voluntary and concluded that it was. Whether counsel was ineffective in advising Gonzalez-Pasos regarding the plea is a separate question as to which we have no record. Gonzales-Pasos is free to pursue this issue in a § 2255 proceeding.

Gonzalez-Pasos further argues that he was denied the effective assistance of counsel at sentencing due to his attorney's lack of advocacy in failing to challenge the drug quantity

involved.[5]   Gonzalez-Pasos's arguments claim that trial counsel's conduct at sentencing both (1) prejudiced his client at sentencing itself and (2) called into question whether his client had had effective assistance of counsel to make a "voluntary and intelligent" guilty plea at the earlier plea hearing.  *See Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008).

To prevail on an ineffective-assistance claim, a defendant must prove that his trial counsel's representation was "deficient":  not merely "below average," but "below an objective standard of reasonableness."  *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).   In addition to having deficient representation, a defendant must have been "prejudiced by the substandard performance" of his counsel.  *Id.*  A defendant demonstrates "prejudice" when he shows that but for his attorney's unprofessional errors, "there is a reasonable probability that" the outcome of a proceeding "would have been different."  *Id.* (quoting *Strickland*, 466 U.S. at 694).  Further, deprivation of counsel at a critical procedural stage such as sentencing is a structural error that requires reversal even without a showing of prejudice.  *United States v. Ross*, 703 F.3d 856, 874 (6th Cir. 2012). Deprivation of counsel includes "constructive denial of counsel, when, although counsel is present, 'the performance of counsel is so inadequate that, in effect, no assistance of counsel is provided.'"  *Rickman v. Bell*, 131 F.3d 1150, 1155 (6th Cir. 1997) (quoting *United States v. Cronic*, 466 U.S. 648, 654 n. 11 (1984)) (emphasis omitted).

We generally do not consider ineffective-assistance claims on direct appeal because the parties have not had an opportunity to develop an evidentiary record supporting or rebutting the claim.  *Massaro v. United States*, 538 U.S. 500, 504–505 (2003) ("When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus

---

[5] He is represented by new counsel on appeal.

often incomplete or inadequate for this purpose."); *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010).

Drug quantity was the most important factual issue at sentencing, driving both Defendant's statutory minimum sentence and his base-offense-level calculation under the Sentencing Guidelines.[6] Gonzalez-Pasos argues that trial counsel failed to make non-frivolous arguments regarding drug quantity based on admissions counsel elicited on cross-examination of the Government's witnesses at the sentencing hearing. Instead, counsel conceded that his client had admitted to one kilogram or more in his plea colloquy, when in fact Gonzalez-Pasos specifically reserved that issue to be determined by the district court. Trial counsel further conceded drug quantity by stating that he personally weighed the seized evidence (without stating the quantity he measured) and found it consistent with the Government's allegations; he also affirmatively declined to object to the pre-sentence report's one-to-three kilogram base-level-offense calculation. Additionally, trial counsel failed to submit a sentencing memorandum and erroneously advised the court that it lacked discretion to impose the sentence to run concurrently with Gonzalez-Pasos's undischarged illegal-reentry sentence.

These allegations of ineffective assistance of sentencing counsel are troubling; they deserve consideration, but not on direct appeal. To sustain an ineffective-assistance claim, a defendant must show either that trial counsel's actions or non-actions were not supported by a reasonable strategy and that these actions or non-actions were prejudicial, *Massaro*, 538 U.S. at 505 (citing *Strickland*, 466 U.S. at 668), or that he was constructively denied counsel, *Rickman*,

---

[6] Minimum prison sentences for heroin-related violations of § 841 fall along three quantity-determined tiers. There is no specified minimum for less than 100 grams; there is a five-year minimum for more than 100 grams but less than a kilogram; and there is a ten-year minimum for a kilogram or more. These penalty provisions include higher minimum sentences for aggravating factors such as when the defendant has a prior felony-drug-offense conviction. *See* 21 U.S.C. § 841(b)(1)(A)–(C). Further, under the Sentencing Guidelines, 30 is the base offense level for a violation of § 841(a)(1) involving at least one but less than three kilograms of heroin. U.S.S.G. § 2D1.1(c)(5).

131 F.3d at 1155–56. The record before us is insufficient to determine the merits of Gonzalez-Pasos's ineffective-assistance claims on direct appeal, and we therefore decline to address the merits, without prejudice to Gonzalez-Pasos raising these and any other ineffective-assistance claims in a § 2255 proceeding.

C

Gonzalez-Pasos next argues that the district court's 24-month upward variance (from 240 months' minimum imprisonment to 264 months) was substantively unreasonable because it was more than necessary to accomplish the statutory purposes of sentencing.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Bolds*, 511 F.3d. 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). A sentence must be "adequate, but not greater than necessary to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (internal quotation omitted). A sentence must also be "proportionate to the seriousness surrounding the circumstances of the offense and offender," *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007) (internal quotation omitted), and it may not be imposed arbitrarily, based on impermissible sentencing factors, or without consideration of relevant sentencing factors. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A sentencing court must not give unreasonable weight to a factor. *Id.*

Gonzalez-Pasos's sentence is between 64 and 240 months greater than those of his four co-conspirators. He contends that these disparities are unwarranted. Among the sentencing factors courts must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). Sentencing disparities are justified, however, when there are disparities between

co-defendants' conduct or records. *See United States v. Vowell*, 516 F.3d 503, 513 (6th Cir. 2008).

In deciding to impose an upward variance, the district court explained that it considered the disparity factor but the circumstances led it to conclude that any disparity was not unwarranted. The district court adequately considered this factor. Gonzalez-Pasos and his co-conspirators were charged with different counts based on individual conduct investigated by law enforcement. Although Gonzalez-Pasos was charged with only one count—conspiracy to distribute heroin—it was a serious offense that resulted in a 240-month minimum sentence due to the drug quantity involved and his prior felony-drug-offense conviction. Further, the record reflects that the 24-month upward variance was the result of individualized consideration by the district court. In announcing sentence, the court cited the public-health impact of black-tar heroin on, and Gonzalez-Pasos's role in bringing it to, the community, and stated that it was imposing a 24-month upward variance to "send a message" of deterrence to Gonzalez-Pasos and others. *Sentencing Tr.*, R. 229, at 63. As part of its sentencing decision, the district court also considered Gonzalez-Pasos's history of repeatedly entering the United States illegally.

Lastly, Gonzalez-Pasos contends that the minimum sentence would have been sufficient to achieve specific and general deterrence. This is a matter committed to the district court's discretion, however. *Bolds*, 511 F.3d at 578. We give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall,* 552 U.S. at 59–60. Our role is to consider whether the district court abused that discretion by imposing a 24-month upward variance to achieve deterrence, and we conclude that it did not.

D

Finally, Gonzalez-Pasos argues that his sentence was procedurally inadequate because the district court did not sufficiently explain its decision to run his drug-conspiracy sentence consecutively to his earlier-imposed illegal-reentry sentence. When a court sentences a defendant who is already subject to an undischarged term of imprisonment, it generally has discretion to run those terms concurrently or consecutively. 18 U.S.C. § 3584(a). In deciding whether to impose a concurrent or consecutive sentence, a court must consider the § 3553(a) factors. *Id.* at § 3584(b). The Sentencing Guidelines provide further factors to consider, including the type and length of the prior undischarged sentence, time served and time likely to be served before release, and any other circumstances relevant to determining an appropriate sentence for the instant defense. U.S.S.G. § 5G1.3(d), App. Note 4(A).

We normally review the decision to impose a concurrent or consecutive sentence for abuse of discretion. *United States v. Watford*, 468 F.3d 891, 915 (6th Cir. 2006) (citing *United States v. Campbell*, 309 F.3d 928, 930 (6th Cir. 2002)). However, at sentencing, defense counsel erroneously advised the district court that it lacked discretion to run these two sentences concurrently, and did not alter this position when answering the *Bostic* question. *See Bostic*, 371 F.3d at 872–73. We thus review the decision's procedural adequacy for plain error, rather than reasonableness. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

A plain error is an error that was obvious or clear; that affected the defendant's substantial rights; and that affected the fairness, integrity, or public reputation of the judicial proceeding. *Wallace v. United States*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *id.*).

After noting Gonzalez-Pasos's history of illegal entry into the United States, the district court stated: "[t]he court considers the fact that the defendant has the—the sentence that's been

imposed for his illegal reentry, his most recent illegal entry; and he will have to serve that period of incarceration which will be consecutive to the period of incarceration that this court will impose." *Sentencing Tr.*, R. 229, at 62. The court went on to explain why a 240-month sentence would be insufficient. This explanation may not have been ideal for purposes of appellate review, but it is not *plain* that the court failed to consider the relevant factors when it imposed a consecutive sentence.

III

For the reasons set forth above, we **AFFIRM** the judgment of the district court.