**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a1014n.06
Filed: December 29, 2005

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

_____

No. 03-6414

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Kentucky. |
| George T. Rorrer, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

_____

Before SUHRHEINRICH, BATCHELDER, and JOHN R. GIBSON,[1] Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

George Rorrer appeals from the sentence imposed upon him at resentencing after we reversed in part his original sentence for conspiracy to commit money laundering, 18 U.S.C. § 1956(h). Because Rorrer was resentenced before the Supreme

_____

[1]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), it is necessary to remand to the district court[2] for resentencing in accordance with <u>Booker</u>.

Rorrer was convicted of conspiracy to commit money laundering based on his role in arranging a loan from John Caporale, a drug dealer who wanted to conceal the source of his profits, to a legitimate business. The facts of his case are set out at length in our earlier opinion. <u>United States v. Robertson</u>, No. 00-6752, 67 Fed. Appx. 257, 262-64 (6th Cir. 2003). He was sentenced to 37 months' imprisonment. Rorrer appealed his conviction and sentence; the government cross-appealed the sentence. We affirmed the conviction. <u>Id.</u> at 268-69. Rorrer argued that he had not been accorded his right to allocution. The record contained some indication that the district court had invited Rorrer to speak before sentencing, but it was not clear that the court's invitation had been extended to Rorrer himself, rather than his lawyer. The government's counsel had attempted to clarify on the record that Rorrer had been invited to speak, but even the exchange between Rorrer and the prosecutor was ambiguous and failed to establish definitively that Rorrer had been given a chance for allocution. On appeal, we stated that, although it appeared that Rorrer had been accorded the opportunity for allocution, the record was not so clear that we could say with certainty that the right had been observed. <u>Id.</u> at 271. In considering the government's cross-appeal, we held the district court had erred in granting Rorrer a two-level reduction for playing a minor role in the offense and in failing to enhance his sentence for using a special skill in his offense. <u>Id.</u> at 271-73. Since these two errors required vacatur of the sentence and remand, the allocution question was mooted, but in our remand, we "suggest[ed] that the district court ensure that the record of the resentencing procedures reflect the explicit offer to Rorrer of the opportunity to allocute." <u>Id.</u> at 274.

---

[2]The Honorable John G. Heyburn, II, Chief Judge, United States District Court for the Western District of Kentucky.

On remand for resentencing, Rorrer was twice accorded the opportunity for allocution. His counsel made legal arguments that Rorrer had not previously raised, and Rorrer himself made such arguments in his allocution. Specifically, Rorrer argued that he should have received a downward adjustment under U.S.S.G. § 2X1.1(b)(2), which provides a three-level downward adjustment when the offense was conspiracy and the object of the conspiracy was not accomplished. The district court denied the § 2X1.1(b)(2) adjustment because Rorrer and his co-conspirators had completed all the acts necessary on their part for money laundering, and the only remaining step, repayment of the loan, was up to a third party who was beyond the conspirators' control. Rorrer also argued that he should receive a downward departure because his offense was not within the heartland of money laundering and because conditions in the prison where he had been confined were harsh. The court declined to exercise its discretion to depart downward on the ground that Rorrer's offense was outside the heartland of money laundering; in fact, the court stated that Rorrer acted to conceal the origin of the money, which is the gist of concealment money laundering under § 1956(h). The court stated that the sentencing proceeding was not the appropriate place to make complaints about prison conditions. The court resentenced Rorrer without the minor role reduction we had held to be inapplicable and with the special skills enhancement; the result was an increase in the sentence to 57 months' imprisonment with two years of supervised release.

Rorrer took this appeal on November 4, 2003. On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which held that the United States Sentencing Guidelines are henceforth to be considered advisory, rather than mandatory. <u>Booker</u> stated that its holding was to be applied to all cases pending on direct review. <u>Id.</u> at 769. Rorrer was, of course, sentenced pursuant to the Guidelines, which the district court considered mandatory, and his case is now pending on direct review. In accordance with our precedent, the error of sentencing Rorrer as if the Guidelines were mandatory is plain and prejudice is presumed. <u>United States v. Barnett</u>, 398 F.3d 516, 525-29 (6th Cir.), <u>cert. dismissed</u>, 126 S. Ct. 33

(2005). The government has not rebutted the presumption of prejudice. Sentencing under the pre-<u>Booker</u> rules seriously affects the fairness, integrity and public reputation of judicial proceedings. <u>Id.</u> at 529-30. Accordingly, we must remand for resentencing in accord with <u>Booker</u>.

Despite the fact that we must remand, in the interests of judicial economy, we will address the questions Rorrer raises under the Guidelines, since the district court is still obliged to consider the recommended Guidelines sentence. <u>See</u> <u>United States v. McDaniel</u>, 398 F.3d 540, 551 (6th Cir. 2005). Rorrer contends that the district court erred in resentencing him according to the version of the Guidelines in effect at the time of his original sentencing; in failing to grant him a three-level decrease under U.S.S.G. § 2X1.1(b)(2) (2000); and in refusing to depart downward.

First, Rorrer argues in a <u>pro se</u> brief that the relevant Guidelines sentence should be determined by the version of the Sentencing Guidelines in effect at the time of resentencing, rather than the 2000 version of the Sentencing Guidelines used at his original sentencing on January 11, 2001, and that the district court erred in resentencing him in accordance with the earlier version. Determining the version of the guidelines to apply is a question of law that we review de novo. <u>United States v. Lacefield</u>, No. 03-6481, 2005 WL 1869668, at *5 (6th Cir. Aug. 4, 2005) (unpublished); <u>see also</u> <u>United States v. Campbell</u>, 309 F.3d 928, 930 (6th Cir. 2002) (questions regarding application of Guidelines reviewed de novo). Rorrer was originally sentenced under U.S.S.G. § 2S1.1 (2000). As of November 1, 2001, the money-laundering guidelines were restructured, and § 2S1.1 was replaced by a new version, which substituted a new scheme for determining offense level. U.S.S.G. Manual, app. C, vol. II, amendment 634. Rorrer's argument that he should be sentenced under Amendment 634 is contrary to the law of the case, for in our first decision we rejected Rorrer's argument that Amendment 634 should be applied to his case. We held: "We decline to apply this amendment, and, for purposes of judicial economy, the district court should not consider the amendment on remand."

Robertson, 67 Fed. Appx. at 273.  The district court applied the 2000 version of the Guidelines in accordance with our mandate.  Moreover, even if this issue had not been specifically addressed in our mandate, the rule in this circuit is that upon remand for resentencing, the court should apply the version of the guidelines that properly governed the original sentencing.  United States v. Orlando, 363 F.3d 596, 603 (6th Cir. 2004) (citing 18 U.S.C.A. § 3742(g), as amended by the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650, 671 (2003)).

Second, Rorrer argues that he should have been given a three-level decrease in accordance with U.S.S.G. § 2X1.1(b)(2) (2000), which governs the computation of offense level for conspiracy offenses.  The Guideline instructs that the offense level for solicitation, attempt or conspiracy is to be that for the substantive offense, with specified adjustments.  In particular, for conspiracy offenses, the base offense level should be decreased by three levels

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

U.S.S.G. § 2X1.1(b)(2). The underlying substantive offense in Rorrer's case was concealment money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), which has three elements: (1) use of funds that are proceeds of unlawful activity; (2) knowledge that the funds are proceeds of unlawful activity; and (3) a financial transaction that was conducted or attempted with knowledge that the transaction had been designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the funds.  Robertson, 67 Fed. Appx. at 269; United States v. Moss, 9 F.3d 543, 551 (6th Cir. 1993).  Rorrer was convicted of arranging a loan in order to make it look as if the funds to be repaid were payment for remodeling work instead of the return of loaned funds.  The conspirators knew that the money lent was drug money

and that the purpose of the loan was to disguise the source of the money. The fact that the loan was not repaid does not negate the transaction. Furthermore, as the district court pointed out, the borrower's failure to repay the loan was outside the control of the conspirators and therefore does not entitle Rorrer to the § 2X1.1(b)(2) reduction.

Finally, Rorrer argues that the district court erred in refusing to depart from the Guidelines range. We review for abuse of discretion the district court's determination of whether it had authority to depart. United States v. Coleman, 188 F.3d 354, 357 (6th Cir. 1999). The district court's decision not to depart is unreviewable unless the record reflects that the district judge was unaware of or did not understand his or her discretion to depart. United States v. Stewart, 306 F.3d 295, 329 (6th Cir. 2002); United States v. Puckett, 422 F.3d 340, 345 (6th Cir. 2005) ("[W]e hold that the standard from Stewart has survived Booker."). A district judge has no obligation to state that he or she understands the existence and extent of discretion to depart. Id. at 330. There is a strong presumption that a judge's refusal to depart was based on an exercise of discretion. See United States v. Solorio, 337 F.3d 580, 603 (6th Cir.), cert. denied, 540 U.S. 1063 (2003).

The district court considered Rorrer's argument that his case was comparable to United States v. Reed, 264 F.3d 640 (6th Cir. 2001), but found it unconvincing. In Reed, we affirmed a downward departure on the ground that the defendant's conduct was incidental to the drug-trafficking conspiracy it was supposed to promote. 264 F.3d at 650-52. Whereas Reed involved a charge of money laundering to promote criminal activity, id. at 650, Rorrer was convicted of concealment money laundering. The district court found that this distinguished Rorrer's case from Reed and concluded that Rorrer's crime did not warrant a departure from the Guidelines range. The district court's decision on this proposed ground for departure was thus an unreviewable exercise of discretion.

The district court also considered the argument about the conditions of confinement–principally the lack of educational opportunities–and declined to depart. The court stated, "[N]umber one, a complaint about the circumstances of your incarceration, as you are well aware, this is not the appropriate legal venue to make that." Rorrer argues that this amounts to refusal to consider the proposed ground for departure. From our review of the record, it appears far more likely that the district court concluded that Rorrer's evidence of post-conviction conditions was not extreme enough to warrant a departure and therefore exercised its discretion not to depart. Cf. United States v. Carty, 264 F.3d 191, 193, 196-97 (2d Cir. 2001) (per curiam) (remanding for consideration of departure for harsh conditions of pre-sentence confinement where defendant held in four-by eight-foot cell with three or four other inmates and subjected to other barbaric conditions). Rorrer has failed to establish that the district court believed it lacked discretion to depart. However, it is futile for us to belabor this point, since the case must be remanded for resentencing in any event, and the district court can resolve any possible ambiguity upon resentencing.

We remand for resentencing in accordance with United States v. Booker, 125 S. Ct. 738 (2005).