NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0584n.06

**No. 16-6238**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 20, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROBERT FRANKLIN FOX, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, WHITE, and DONALD, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Robert Fox pleaded guilty to one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and was sentenced to 150 months in prison. This court vacated the sentence and remanded for further proceedings. On remand, the district court re-imposed the 150-month sentence. In his second appeal, Fox argues that the district court misinterpreted this court's mandate as a limited, rather than general, remand, and that his sentence is procedurally and substantively unreasonable. We AFFIRM.

**I.**

On March 21, 2014, Nicholasville, Kentucky police officers responded to a call regarding suspicious activity in a residential area and encountered Fox and Lacey Dewitt. Fox was in possession of $3,456.50 and Dewitt consented to a search of her purse and a bag containing pills

and bottles of oxycodone hydrochloride solution. Investigation revealed that before police arrived Fox had given Dewitt the bag of pills for her to hide.[1] PID 184/PSR.

At sentencing, the district court adopted the PSR's calculations: a base offense level of 26, based on drug quantity, an increase to 34 based on the determination that Fox was a career offender under USSG § 4B1.1(b)(2); and a three-level reduction for acceptance of responsibility, USSG § 3E.1.1(b), resulting in a total offense level of 31.[2] Combined with criminal-history category VI, the resulting guidelines range was 188 to 235 months. PID 185-86, 195/PSR. In his sentencing memorandum, Fox acknowledged that he is a career offender and requested a 120-month sentence via a departure[3] or variance from the career-offender guidelines range of 188 to 235 months. PID 104-107, 110/Def. Sent. Memo.

The district court accepted Fox's arguments against the career-offender range and chose to sentence Fox at offense level 26, which, combined with criminal-history category VI, yielded a guidelines range of 120 to 150 months. The court imposed a 150-month sentence. PID 164-65/Judgment. Fox appealed, arguing that the district court plainly erred by failing to reduce offense-level 26 by three levels for his acceptance of responsibility, which would have yielded a guidelines range of 92 to 115 months.

---

[1] Fox did not contest these facts, which are taken from the PSR.

[2] The PSR applied the 2014 Guidelines Manual. PID 185/PSR ¶ 7.

[3] As pertinent here, Fox objected to ¶ 100 of the PSR, in which the Probation Officer stated that he was aware of no factors that would justify a downward departure. PID 118. In response to Fox's objection, the Probation Officer stated, "The defendant's position on this matter is noted for the [PSR]," referred to Fox's objection as "unresolved," and noted that the objection "will not affect the guideline calculations." PID 210/PSR addendum.

**This Court's Order Vacating Fox's Sentence and Remanding**

By per curiam order entered under Fed. R. App. P. 34(a), [a panel of] this court [(Cole, Siler, Stranch)] vacated Fox's sentence and remanded for further proceedings, noting:

> Fox appeals . . . [arguing] that the district court erroneously calculated his guideline range by not applying a three-level reduction to his base offense level of 26 for his acceptance of responsibility.
> . . . .
> Fox argues that the district court plainly erred by not reducing his base offense level for his acceptance of responsibility. As set forth above, the district court initially increased Fox's base offense level of 26 to 34 and then reduced his offense level by three for Fox's acceptance of responsibility, resulting in a total offense level of 31 and a guideline range of 188 to 235 months. But then the district court announced that it was not sentencing Fox as a career offender and instead was going to use Fox's base offense level of 26 to sentence him, resulting in a guideline range of 120 to 150 months. The district court did not reduce Fox's offense level for his acceptance of responsibility; however, Fox did not object.

> An error occurred that was obvious or clear. The district court initially noted that Fox would be given a three-level reduction for his acceptance of responsibility, but after stating that it would not be sentencing Fox as a career offender, it did not apply the reduction or provide its reasons for rejecting the reduction. Had the reduction been applied, Fox's total offense level would have been 23, which when combined with his criminal history category of VI, would have resulted in a guideline range of 92 to 115 months. Fox was sentenced to 150 months. Thus, Fox may have received a shorter sentence and his substantial rights were affected. *Although, arguably, the district court intended to vary downward, the words chosen by the district court are inconsistent with the application of a variance.* In these circumstances, the judicial proceeding may have been unfair.

> Accordingly, we VACATE Fox's sentence and REMAND this matter to the district court for further proceedings.

Order entered 5/24/16, Docket No. 15-5619/cm/ecf R. 64 (emphasis added).

**Resentencing**

The district court held a resentencing hearing on August 1, 2016, at which it clarified that it had applied the three-level acceptance-of-responsibility reduction when it decreased Fox's offense level from 34 to 31, and then had varied downward by five offense levels, from 31 to 26,

which, with a criminal-history category VI, yielded a 120-to-150 month guidelines range. The district court explained that it varied downward based on Fox's arguments in his sentencing memorandum and at sentencing regarding the § 3553(a) factors, which, the district court pointed out, persuaded it not to impose a sentence under the 188-to-235 month career-offender guidelines range. PID 369-70/Resentencing Hrg. 8/1/16. The district court entered an order clarifying its original sentence, which ended by denying Fox's "motion for a further reduction due to his acceptance of responsibility," and reinstating the 150-month sentence. PID 352-55/Order entered 8/4/16.

## II. Career Offender Status and Procedural Unreasonableness

Fox first argues that his sentence is procedurally unreasonable because he was not a career offender when he was resentenced, but was nevertheless sentenced as one. Fox concedes he was correctly classified as a career offender at his first sentencing; he relies on a change to the definition of "crime of violence" that eliminated burglary from the list of enumerated offenses effective August 1, 2016. *See* USSG § 4B1.2(a)(2) and Amendment 798 (Supplement to 2015 Supplement to Appendix C, at 7-8, 11-12).

We review sentences for procedural and substantive reasonableness. *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011); *see also Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). A sentence is procedurally unreasonable where the district court fails to properly calculate the guidelines range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *See United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013). "This review is conducted under the deferential abuse-of-discretion standard." *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). Review of unpreserved claims of

procedural unreasonableness is generally for plain error, *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc)), but Fox contends that we should review for abuse of discretion because the district court failed to clearly ask for objections to the sentence that had not been previously raised and thus did not satisfy *Bostic*.[4]  Appellant Br. 13.

Regardless whether we review for plain error or abuse of discretion, Fox's argument that the district court should have applied the Supplement to the 2015 Guidelines Manual fails.  First, Fox cites USSG § 1B1.11(a), which provides simply that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."  Next, Fox cites *United States v. Davis*, 397 F.3d 340 (6th Cir. 2005), but *Davis* is inapposite because the defendant's argument there was that he should have been sentenced under the guidelines in effect *at the time he committed the offense*.  We noted in *Davis*:

> Generally, the district court is instructed to apply the version of the Guidelines in place at the time of sentencing.  [USSG] § 1B1.11(a) (2002).  However, the Guidelines clearly instruct the court to apply the version in place at the time the defendant's offense was committed if applying the current Guidelines would amount to a violation of the *ex post facto* clause . . . The *ex post facto* clause is implicated where a law punishes retrospectively; "[a] law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'"

*Id.* at 346–47 (citations omitted).  *Davis* is inapposite.

---

[4] Under *Bostic*, a district court must "ask the parties whether they have any objections to the sentence . . . that have not previously been raised."  *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).  The purpose of the *Bostic* question is twofold:  to allow parties a chance to raise objections not previously raised, *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011), and, critically, to allow the district court an opportunity to address and "correct[ ] any error ... on the spot."  *Bostic*, 371 F.3d at 873.

Further, 18 U.S.C. § 3553(a)(4)(A)(ii), which Fox also cites, simply provides that in imposing a sentence, a sentencing court consider:

> (1) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced . . .

18 U.S.C. § 3553(a)(4)(A). But Section 3742(g), referenced in § 3553(a)(4)(A)(ii), makes clear that a sentencing court on remand "shall apply the guidelines . . . that were in effect *on the date of the previous sentencing of the defendant prior to the appeal*, together with any amendments thereto by any act of Congress that was in effect on such date." 18 U.S.C.A. § 3742(g) (emphasis added); *see also United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011) ("on remand for resentencing, the court should apply the version of the guidelines that properly governed the original sentencing.") (quoting *United States v. Rorrer*, 161 F. App'x 518, 521 (6th Cir. 2005)); *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004) (citing § 3742(g) and noting, "the correct approach for a district court to take on remand is to apply the Guidelines in effect at the time of a defendant's original sentencing.").

Thus, the district court neither plainly erred nor abused its discretion by applying on remand the 2014 Guidelines Manual that was in effect at Fox's original sentencing, and continuing to classify Fox as a career offender. Fox's procedural unreasonableness claim fails.

### III.  Failure to Consider the Relevant § 3553(a) Factors and Policy Statements

Fox next asserts that his sentence is procedurally and substantively unreasonable because the district court failed to consider the applicable § 3553(a) factors or relevant policy statements, and his 150-month sentence is greater than necessary to achieve the sentencing goals set forth in § 3553(a).  Appellant Br. 18-22.

"A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor."  *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013) (internal quotation marks omitted).  We review challenges to the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Taylor*, 800 F.3d 701, 713 (6th Cir. 2015).

Fox complains that the district court said virtually nothing about the sentencing factors at his first sentencing and little more at his resentencing, and that what the district court did say is insufficient to permit meaningful appellate review.  We disagree.

At Fox's original sentencing, the district court considered the advisory guidelines range, Fox's sentencing memorandum, his extensive arguments for a below-guidelines sentence, and the § 3553(a) factors.  As the district court explained at the resentencing hearing, Fox's arguments regarding the § 3553(a) factors persuaded the court not to sentence him within the 188-to-235-month career-offender guidelines range.  At the conclusion of Fox's resentencing hearing, the district court incorporated its prior analysis of the § 3553(a) factors, noting, "I thought that a sentence as a career offender would be too high.  That's part of my job under 3553(a) is to determine your family history, among other things . . . that Mr. Allen pointed out . . . before the court in his memorandum; and so I gave you a five-level variance."  PID 370.

Fox argues that the district court was required to do more, but a sentencing court need not make express on-the-record findings on each § 3553(a) factor. *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). And Fox's argument that the district court should have discussed policy statement § 4A1.3, which his sentencing memorandum raised as a basis for a downward departure, is not persuasive given that the district court stated at sentencing that it had read Fox's sentencing memorandum, and the court in fact varied, although it did not depart, from the guidelines range. PID 222-23 ("I read your sentencing memorandum.")

Fox also claims that his sentence is substantively unreasonable. Because he was sentenced below his guidelines range, he has a particularly demanding burden in showing his sentence is unreasonable. *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013). Fox's only argument asserting substantive unreasonableness is that the district court failed to consider relevant § 3553(a) factors, a claim we have rejected.

## IV. Scope of Remand

Fox's final argument is that "the district court presumed its hands were tied and treated this Court's mandate as a limited remand rather than a general remand," when the mandate was "very broad in scope and . . . [t]here is nothing in [the] mandate to indicate an intent to limit the scope of the district court's review." Appellant Br. 23.

We review the scope of a remand de novo. *United States v. Orlando*, 363 F.3d 596, 600 (6th Cir. 2004).

> In this circuit, the criteria to establish a limited versus general remand are well settled and, pursuant to 28 U.S.C. § 2106, appellate courts have broad discretion in defining the scope of a given remand. *See* [*United States v.*] *Campbell*, 168 F.3d [263,] 265 [(6th Cir. 2012)] (citing *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997)). A limited remand must "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand."

> *Id*. at 265 (citation omitted). A "majority of the circuits that have spoken on this issue, including this one, follow a basic rule that a district court can review sentencing matters de novo unless the remand specifically limits the lower court's inquiry." *Id*. Further, "in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakable." *Id*. at 268.

*United States v. Obi*, 542 F.3d 148, 153–54 (6th Cir. 2008).

Our opinion did not limit the scope of the district court's sentencing authority on remand. It is unclear, however, whether the district court actually thought it was subject to a limited remand and its "hands were tied." In any event, any error in the district court's perception of the scope of the remand was harmless because the only issue Fox claims he would have raised if given the opportunity—that the district court should have rescored the Guidelines using the Supplement to the 2015 Guidelines Manual—lacks merit for the reasons discussed. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) ("Under the harmless error test, a remand for error at sentencing is required unless we are certain that any such error was harmless–*i.e.*, any such error 'did not affect the district court's selection of the sentence imposed.'") (quoting *Williams v. United States*, 503 U.S. 193 (1992)). Further, to the extent Fox implies that the court's alleged misunderstanding of the remand led it to unfairly deny an adjournment,[5] counsel

---

[5] On the Friday before the August 1st resentencing hearing, defense counsel filed a "Motion to Continue Re-sentence Hearing," asserting:

> The . . . Court of Appeals remanded this matter . . . for re-sentencing. Although undersigned counsel did not serve as Mr. Fox's counsel on appeal, the Court reappointed him as Mr. Fox's counsel for purposes of re-sentencing on July 26, 2016.

> At the time of his reappointment, undersigned counsel was out of the office. He did not return to the office until today and has not had an opportunity to meet, or have an in-depth discussion, with his client regarding the re-sentencing. Thus, undersigned counsel respectfully requests a reasonable continuance of the sentencing hearing . . . to permit him to meet with Mr. Fox to discuss his re-sentencing.

PID 340. The district court denied the motion by order entered the same day:

> There is nothing new to discuss, the PSR has not changed nor have the guidelines. The matter was remanded for the undersigned to explain why the defendant was not entitled

was familiar with the case because he had represented Fox at the first sentencing, and Fox has shown no prejudice.

For the reasons stated, we AFFIRM Fox's 150-month sentence.

---

to a further three level reduction in his offense level when he had already been granted an earlier reduction for acceptance of responsibility.

PID 343.